UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.         ) | Case No. 5:24-cr-00097-TPB-PRL-1 |
| ) | |
| DANIEL BALL, ) | |
| *Defendant*.   ) | |

### DEFENDANT BALL'S MOTION FOR ARRAIGNMENT *IN ABSTENTIA* AND TO COMPEL DISCOVERY

Daniel Ball, by and through undersigned counsel, respectfully requests for this Honorable Court to schedule an arraignment in the above-listed matter to take place in December 2024 (other than on December 17th-20th or December 24th-26th) or January 2025 (other than on January 10th, January 17th, or January 20th-21st), to waive the appearance of Mr. Ball at the arraignment, and to enter an order compelling the government to produce all discoverable materials and information in this matter by January 1, 2025. In support of this Motion, counsel submits the following:

1. On April 27, 2023, Mr. Ball was charged by complaint in the U.S. District Court for the District of Columbia. *See United States v. Ball*, No. 1:23-cr-00160-RC-1 (D.D.C.), ECF No. 1.

2. On May 2, 2023, Mr. Ball was arrested by agents with the Federal Bureau of Investigation. *See* ECF No. 5. Mr. Ball has been in custody in relation to his case before the U.S. District Court for the District of Columbia ever since. He is currently being held at the D.C. Correctional Treatment Facility ("CTF").

3. On May 10, 2023, a grand jury returned an indictment against Mr. Ball in the U.S. District Court for the District of Columbia. *See* ECF No. 5.

1

4. Mr. Ball rejected an arguably unconstitutional plea offer advanced by the U.S. Attorney's Office ("USAO") for the District of Columbia.[1] Not long after, we provided notice to the government that Mr. Ball was going to be advancing a selective prosecution argument in his Motion to Dismiss.

5. Shortly after, the USAO for the District of Columbia represented that the USAO for the Middle District of Florida was considering indicting Mr. Ball in some capacity, including under 18 U.S.C. § 922(g)(1). Defense counsel brought the government's representation to the attention of the Court during a status conference on May 3, 2024.[2]

6. About one month later, on August 6, 2024, a grand jury in the Middle District of Florida returned an indictment against Mr. Ball charging one count of Felon in Possession, under 18 U.S.C. § 922(g)(1).[3]

7. The USAO for the Middle District of Florida represented that it is unable to "accommodate" our request for the production of discovery in this matter in a pre-arraignment posture. Email from AUSA William Hamilton to Amy C. Collins on Nov. 25, 2024. However, the government further provided: "Please feel free to file any motion to compel you wish." *Id.*

---

[1] The USAO for the District of Columbia has represented orally and in writing that the justification for its decision on the charges brought and the plea offer extended (which we believe are examples of disproportionately severe treatment of Mr. Ball as compared to similarly situated defendants) was the representations Mr. Ball made during his custodial interrogation that it found offensive, such as statements were he took issue with the current presidential administration. Just last month, following arguments on the sincere concerns about the government's unconstitutional and unethical conduct in the D.C. case (including the government's failure to produce *Brady* material/information) and the prejudice that may result by resolving the D.C. case prior to the instant case, the D.C. District Court vacated all dates and asked for a comprehensive briefing setting forth all instances of government misconduct in Mr. Ball's case. *See* Minute Entry (Oct. 29, 2024).

[2] The transcripts for the May 3, 2024 status hearing have been requested.

[3] Not long after the indictment was returned, defense counsel reached out to AUSA William Hamilton to share concerns over the basis of the Felon in Possession charge, especially because the U.S. Attorney's Office for the District of Columbia possesses materials that indicate the instant charge is meritless, *see* Email from Amy C. Collins to AUSA William Hamilton on Sept. 4, 2024, and representations were made to indicate the two respective USAOs were in communication.

2

8. Under the Speedy Trial Act, trial must commence within 70 days from the date the indictment was filed or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later. *See* 18 U.S.C. § 3161(c)(1). In the current procedural posture, the Speedy Trial Act is not affording Mr. Ball protection from delay, which is a sincere concern given that the government waited over a year to even seek to indict Mr. Ball in what should theoretically be a straight-forward case due to the nature of the offense.

9. Moreover, in the current procedural posture, Mr. Ball is not on a path to obtain an outcome in the instant case prior to the resolution of the case before the U.S. District Court for the District of Columbia. If Mr. Ball is not able to resolve the instant matter first, Mr. Ball will likely be unduly prejudiced as a result. *See, e.g.*, ECF No. 52; Status Hearing (Oct. 29, 2024).[4]

10. Given Mr. Ball's incarcerated status at CTF in the District of Columbia, there are various logistical challenges in obtaining Mr. Ball's appearance before this Court within a timeframe that would not further unduly delay the instant case or that would not needlessly delay his D.C. case. Mr. Ball and his defense counsel have, accordingly, signed a Waiver of Appearance at Arraignment, which accompanies this filing. When asked the government's position as to Mr. Ball waiving his appearance, AUSA Hamilton responded, "Our practice here is not to consent to waive the defendant's presence at arraignment unless (at the very least) he has previously appeared in the district on an initial appearance on the same case, which Mr. Ball has not." Email from AUSA William Hamilton to Amy C. Collins on Dec. 16, 2024.

11. Accordingly, we would request that this Court schedule an arraignment in the above-listed matter to take place in December 2024 (other than on December 17th-20th or December 24th-26th) or January 2025 (other than on January 10th, January 17th, or January 20th-

---

[4] The transcripts for the October 29, 2024 status hearing have been requested.

21st),[5] to waive the appearance of Mr. Ball at the arraignment, and to enter an order compelling the government to produce all discoverable materials and information in this matter by January 1, 2025.

12. As of the time of this filing, the government has not provided a position as to Mr. Ball's requests other than as already represented herein.

WHEREFORE, for the foregoing reasons, Daniel Ball, by and through undersigned counsel, requests the above-mentioned relief.

---

[5] If the Court's availability does not allow for the requested timeline, we would ask that the Court set the arraignment for the next date that the parties and the Court are available.

Respectfully submitted,

_____/s/_____
Amy C. Collins
D.C. Bar No. 1708316
888 17th Street, NW, Suite 1200
Washington, D.C. 20006
(228) 424-0609
amy@amyccollinslaw.com
acollins@kalbianhagerty.com
*Counsel for Daniel Ball*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 17th day of December 2024, I have served this Motion upon all parties in this matter through the CM/ECF system.

_____/s/_____

Amy C. Collins