UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

    v.                                        CASE NO. 5:24-cr-97-TPB-TRL

DANIEL BALL

**UNITED STATES' RESPONSE IN OPPOSITION TO
MOTION FOR ARRAIGNMENT AND EARLY DISCOVERY (DOC. 8)**

The United States respectfully opposes the defendant's motion for "arraingment [sic] in abstentia [sic]" and to compel discovery (Doc. 8), and in support of its response in opposition, states the following:

On December 17, 2024, defendant Ball filed a motion requesting that the Court set an arraignment in the instant case in December or January. Doc. 8. He also asked the Court to order the United States to provide "all discoverable materials and information in this matter" by January 1, 2025. Doc. 8. In support of his request for an arraignment, Ball stated that he is "not on a path to obtain an outcome in the instant [MDFL] case prior to the resolution of the case before the U.S. District Court for the District of Columbia. If Mr. Ball is not able to resolve the instant matter first, Mr. Ball will likely be unduly prejudiced as a result." Doc. 8 at 3. However, Ball does not articulate why or how this would prejudice him.

As referenced by defense counsel in the motion, Ball has a pending criminal case in D.C. District Court in case number 1:23-cr-160-RC. On May 10, 2023, a Washington D.C. grand jury returned a twelve-count indictment charging numerous

serious felony offenses and several misdemeanors, including two counts of assaulting a federal officer using a dangerous weapon in violation of 18 U.S.C. § 111(a)(1) and (b), and one count of use of an explosive to commit a felony in violation of 18 U.S.C. § 844(h)(1).   The latter felony count carries a ten-year mandatory minimum sentence, which must be imposed consecutively to the felony in which the explosive was used or carried.   18 U.S.C. § 844(h)(2).   Ball's potential penalties, and the severity of his alleged offense conduct (where he attacked multiple law enforcement officers with an explosive), are substantially more serious in this pending prosecution than they are in the instant case.

     Ball was ordered detained and remains in custody on the Washington D.C. federal charges described above, with no trial date currently set.   In his motion, Ball stated that "following arguments on the sincere concerns about the government's unconstitutional and unethical conduct in the D.C. case [. . .] and the prejudice that may result by resolving the D.C. case prior to the instant case, the D.C. District Court vacated all dates and asked for a comprehensive briefing setting forth all instances of government misconduct in Mr. Ball's case."   Doc. 8 at 2.   This filing was brought to the attention of the District Judge presiding over the D.C. criminal case.   After affording defense counsel an opportunity to respond, the District Court entered a minute order stating that it was "troubled by defense counsel's suggestion to the Court in the Middle District of Florida that the reason the Court felt compelled to vacate the trial schedule was due to any government misbehavior rather than defense counsel's failures."   These filings are attached to the instant response as

2

Exhibit A in chronological order. After this minute order was entered, Ball filed a supplement to his motion in the instant case. Doc. 9.

The United States respectfully opposes both the defendant's request to set the case for arraignment in January and his request to the Court to order the United States to provide discovery pre-arraignment. Ball complains that he is "not on a path" to resolve the instant case before resolving his case in Washington D.C. Doc. 8 at 3. However, that is the natural consequence of the offense date of the crimes he is accused of committing in Washington D.C. (January 6, 2021) being nearly two and a half years before the crime he is alleged to have committed in the Middle District of Florida (May 2, 2023). Additionally, the Washington D.C. prosecution has been pending since the defendant's initial arrest on May 2, 2023 on those same charges, while he has not yet made an appearance in the instant case. Ball, like all criminal defendants, is not entitled to resolve his criminal cases in reverse chronological order.

While the defendant claims that he will be prejudiced if he is not permitted to resolve the instant case (which is based on crimes that occurred years after the allegations in Washington D.C.) first, he does not explain why or how, and no reason is immediately apparent. Arraigning the defendant on the instant case instead threatens to disrupt the Washington D.C. District Court case by physically removing the defendant from the jurisdiction if Ball elects to selectively assert his right to a speedy trial in one case but not the other. Ball himself appears to concede in his motion that there are significant "logistical challenges" in his making a

physical appearance before the Court in the instant case which would threaten to "needlessly delay his D.C. case." Doc. 8 at 3. Ball claims that he is sincerely concerned about "delay", but as the District Court in the Washington D.C. case has clarified, the recent delay of the trial was due to defense counsel's own conduct. Exhibit A at 6.

Established discovery practice in the Middle District of Florida's Ocala Division provides for the entry of a pretrial order after the defendant is arraigned on their indictment, with said discovery orders mandating that the United States provide discovery in accordance with Federal Rule of Criminal Procedure 16 within ten to fourteen days of the arraignment. Absent compelling reasons to the contrary, for purposes of equity and fairness, the Court should treat this defendant in an identical manner to all criminal defendants whose cases are brought in this District. Ball has not articulated any compelling reason that this Court should provide him criminal discovery at an earlier stage in the proceeding than substantially all other criminal defendants.

However, there is one compelling reason for this Court not to order the United States to provide Rule 16 discovery prior to the defendant's arraignment—namely, that the defendant has already received all or substantially all discoverable information and materials he would be entitled to receive in the instant case during the discovery process in the Washington D.C. prosecution, which has been pending for more than a year and a half. Ball has received at least eight separate discovery disclosures in connection with the D.C. prosecution, and the materials provided in

4

this disclosure include all materials created in connection with the search of his residence on May 2, 2023, which gave rise to the instant prosecution.   These materials include, but are not limited to, reports, search warrant inventories, and Ball's own recorded statements.   Ball cannot claim prejudice if he is denied an extraordinary grant of early discovery, because he is already in possession of all the materials he is entitled to receive.

For these reasons, the United States respectfully requests that the Court deny the defendant's motion to set the case for arraignment in December or January and deny the defendant's motion for a pre-arraignment discovery order.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   /s/ *William S. Hamilton*
        WILLIAM S. HAMILTON
        Assistant United States Attorney
        Florida Bar No. 95045
        35 SE 1st Avenue, Suite 300
        Ocala, Florida 34471
        Telephone:   (352) 547-3600
        Facsimile:    (352) 547-3623
        E-mail: william.s.hamilton@usdoj.gov

U.S. v. DANIEL BALL                    Case No. 5:24-cr-97-TPB-PRL

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Amy Collins, Esq.

/s/ *William S. Hamilton*
WILLIAM S. HAMILTON
Assistant United States Attorney
Florida Bar No. 95045
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone: (352) 547-3600
Facsimile: (352) 547-3623
E-mail: william.s.hamilton@usdoj.gov