# Exhibit A

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:23-cr-00160-RC-1 |
| ) | |
| DANIEL BALL, ) | |
| ) | |
| *Defendant.* ) | |

**DEFENDANT BALL'S RESPONSE
TO THE COURT'S DECEMBER 18, 2024 MINUTE ENTRY**

Daniel Ball, by and through undersigned counsel, respectfully files this Response to the Court's December 18, 2024 Minute Entry.

**DISCUSSION**

On December 18, 2024, the government filed a Notice of Filing in Other District, in which the government took issue with a single footnote within a five-page filing submitted in Mr. Ball's case in the Middle District of Florida that was intended to provide context to Mr. Ball's rejection of a plea offer in the instant case. *See* ECF No. 64. Soon after, Mr. Ball filed an Opposition, explaining that it believed the government mischaracterized the footnote. *See* ECF No. 65. On the evening of December 18, 2024, this Court submitted a Minute Entry in which it stated it was "troubled by defense counsel's suggestion to the Middle District of Florida that the reason this Court felt compelled to vacate the trial schedule was due to any government misbehavior rather than defense counsel's failures." Minute Entry (Dec. 18, 2024). Defense counsel does not take this Court's Minute Entry lightly and finds it necessary to address this Court's Minute Entry in the hope to alleviate this Court's concern and to offer an apology.

1

It was not defense counsel's intention to even imply that government misconduct was a reason this Court decided to vacate the dates in the instant case. Counsel simply intended to provide a quick note to procedurally orient the court in the Middle District; counsel *only* wanted the court to understand that the dates in the instant case were recently vacated (which would weigh in favor of having Mr. Ball arraigned sooner rather than later, a point which is referenced and elaborated on within the context of the status hearing that took place on October 29, 2024, not this Court's Minute Order[1]) and to inform the Court that defense counsel's concerns about the plea offer and other aspects of the instant case would be addressed in a comprehensive briefing that was forthcoming (which is directly relevant to what the footnote related to: the plea offer that was advanced).

Defense counsel never meant to suggest *any* reason for the Court deciding to vacate the dates in the filing at issue. Indeed, admittedly, counsel does not recall the exact reason(s) this Court vacated the dates in Mr. Ball's instant case. Counsel only recalls the defense team's reasons for asking for the vacatur.[2]

Importantly, aside from raising concerns about the government's failure to provide discoverable material in a timely manner and noting the fact that the government's change in posture as to its appetite for a plea offer required defense counsel to redirect her time and attention

---

[1] To be sure, in the filing at issue, when discussing how Mr. Ball might be prejudiced by a delay in the Middle District case, counsel made reference to the fact that she cited ECF No. 52 (Mr. Ball's filing seeking vacatur) and the status hearing and made note that she has requested for the transcripts to be ordered for the October 29, 2024 status hearing since it included her arguments on that point; she did not cite the Minute Order vacating the dates in the instant case.
[2] When asked by the AUSA in the Middle District about the procedural posture of the instant case, defense counsel responded that a vacatur of the current dates set was granted and that such vacatur was sought to try to resolve the Middle District case prior to the instant case "as well as to address a few discovery issues, etc." Email from Amy C. Collins to AUSA William Hamilton on Nov. 8, 2024. Further, when addressing AUSA Hamilton's skepticism about the possibility of resolving the Middle District case prior to the instant case due to time concerns, defense counsel responded that Mr. Ball was indicted last summer and that the instant parties and this Court were in the process of sorting out some discovery issues. *See* Second Email from Amy C. Collins to AUSA William Hamilton on Nov. 8, 2024. No mention was made of government misconduct. (Upon request, defense counsel will gladly provide a copy of the communications under seal and/or in a redacted form, as the communications also contain discussions that would qualify as confidential pursuant to Rule 11 of the Federal Rules of Criminal Procedure.)

2

to the review of a pending plea offer instead of other tasks in Mr. Ball's case, defense counsel did not cite government misconduct as a basis when requesting to vacate the dates in this case. *See* ECF No. 52. The issue of government misconduct was a separate issue addressed in a separate filing—a filing which specifically stated that a subsequent more comprehensive filing would be submitted following the status hearing. *See* ECF No. 54.

In light of the record in the instant case and defense counsel's communications with AUSA Hamilton—who, notably, is in touch with government counsel in the instant case (as referenced in the filing at issue), defense counsel did not contemplate that the footnote at issue would be misinterpreted.

The footnote at issue was taken out of context from that which was intended. However, the Court can be absolutely certain that defense counsel will ensure that she takes due care to avoid any possibility of such a misunderstanding in the future—in any matter. To start, counsel will submit a supplement to Mr. Ball's Motion for Arraignment *in Abstentia* and Motion to Compel to clarify that this Court did not rule on any defense arguments as to government misconduct.

Ethics and credibility are of the utmost importance to defense counsel. Defense counsel is embarrassed beyond comprehension and sincerely apologizes for even creating a situation that could possibly cause this Court concern or could possibly result in such a misunderstanding by the court in the Middle District. Defense counsel also sincerely apologizes for any delay in this case attributable to her and assures this Court that delay would not be sought at any juncture unless absolutely necessary or where otherwise appropriate.

Respectfully submitted,

_____/s/_____
Amy C. Collins
D.C. Bar No. 1708316
888 17th Street, NW, Suite 1200
Washington, D.C. 20006
(228) 424-0609
amy@amyccollinslaw.com
acollins@kalbianhagerty.com
*Counsel for Daniel Ball*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of December 2024, I caused a true and correct copy of the foregoing Response to be delivered via CM/ECF to all parties.

_____/s/_____
Amy C. Collins

4