UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No.: 5:24-cr-97-TPB-PRL-1 |
| : | |
| DANIEL BALL, : | |
| : | |
| *Defendant*. : | |

## DEFENDANT BALL'S MOTION FOR BOND AND OPPOSITION TO THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The Defendant, DANIEL BALL, through undersigned counsel, respectfully moves in opposition to the government's motion for pretrial detention in this case and seeks his release on any conditions the Court deems appropriate pursuant to the Bail Reform Act, 18 U.S.C. § 3142. The several grounds for the defendant's release are submitted as follows:

### A.

### THE DEFENDANT HAS BEEN PARDONED FOR THIS CASE

### I.
### WASHINGTON, D.C. PROSECUTION

The instant case is one of two cases against BALL which *directly relates* to the events at the United States Capitol on January 6, 2021. On April 27, 2023, a Criminal Complaint and Arrest Warrant were issued in the District of Columbia against Ball for alleged conduct at the U.S. Capitol. At or around the same time,

1

an application was made for a Search Warrant of BALL's residence in the Middle District of Florida.  ***The search warrant was exclusively for evidence related to BALL's January 6 prosecution.***  The applications for both the arrest warrant in the District of Columbia and the search warrant in the Middle District of Florida were prepared and sworn to by ***the same agent***.

On May 2, 2023, both warrants were executed in this district, the Defendant was arrested, and his residence was searched.  During the search, a firearm and ammunition was located in the residence and seized.

On May 10, 2023, the Defendant was indicted in the District of Columbia for various "J6" offenses.  On May 23, 2023, the Defendant was ordered detained pending trial and has been continuously in federal custody since May 2, 2023.

## II.

## INDICTMENT IN THE MIDDLE DISTRICT OF FLORIDA

While the Washington, D.C. case was pending, BALL was indicted in this Court on August 6, 2024, on a lone count charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Again, the Indictment rests entirely on items seized pursuant to the alleged several overt acts in furtherance of the conspiracy including "on or about December 13, 2022, Carter provided the CW (cooperating witness) with a list of FBI employees that Carter received from Ball."

## III.

## BALL RECEIVES PRESIDENTIAL PARDON

On January 20, 2025, Donald J. Trump was sworn into office as the 47th President of the United States. President Trump issued a flurry of first day executive actions including a pardon to all January 6th defendants who had been convicted and ordering their immediate release. In addition, the executive order directed the Department of Justice to dismiss with prejudice *all related cases* pending January 6th:

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

A PROCLAMATION

This proclamation ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation.

Acting pursuant to the grant of authority in Article II, Section 2, of the Constitution of the United States, I do hereby:

Presidential Actions

**GRANTING PARDONS AND COMMUTATION OF SENTENCES FOR CERTAIN OFFENSES *RELATING TO* THE EVENTS AT OR NEAR THE UNITED STATES CAPITOL ON JANUARY 6, 2021**

January 20, 2025

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

A PROCLAMATION

This proclamation ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation.

Acting pursuant to the grant of authority in Article II, Section 2, of the Constitution of the United States, I do hereby:

(a) commute the sentences of the following individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021, to time served as of January 20, 2025:

- Stewart Rhodes
- Kelly Meggs
- Kenneth Harrelson
- Thomas Caldwell
- Jessica Watkins
- Roberto Minuta
- Edward Vallejo
- David Moerschel
- Joseph Hackett
- Ethan Nordean

- Joseph Biggs
- Zachary Rehl
- Dominic Pezzola
- Jeremy Bertino

(b) grant a full, complete and unconditional pardon to all other individuals convicted of offenses *related to* events that occurred at or near the United States Capitol on January 6, 2021. (emphasis added).

The Attorney General shall administer and effectuate the immediate issuance of certificates of pardon to all individuals described in section (b) above, and shall ensure that all individuals convicted of offenses *related to* events at or near the United States Capitol on January 6, 2021, who are currently held in prison are *released immediately*. The Bureau of Prisons shall immediately implement all instructions from the Department of Justice regarding this directive. (emphasis added).

I further direct the Attorney General to *pursue dismissal, with prejudice* to the government of *all pending indictments* against individuals for their conduct *related to* the events at or near the United States Capitol on January 6, 2021. The Bureau of Prisons shall immediately implement all instructions from the Department of Justice regarding this directive." (emphasis added).

Granting Pardons and Commutation of Sentences for Certain Offenses *Relating to* the Events at or Near the United States Capitol on January 6, 2021, signed by President Donald J. Trump on January 20, 2025. (emphasis added).

As directed by the President, on January 21, 2025, the United States Attorney's Office for the District of Columbia moved to dismiss the Indictment against BALL with prejudice. That same day, the presiding District Judge entered an Order dismissing BALL's case with prejudice.

The case of January 6 defendant, Jeremy Bertino, is illustrative. Bertino is named in the President's proclamation above as having his sentence commuted related to events that occurred at or near the United States Capitol on January 6, 2021, to time served because he was an individual "convicted of offenses being related to events that occurred at or near the United States Capitol on January 6, 2021." However, like BALL, Bertino was charged with (and later pleaded guilty to) possession of a firearm by a convicted felon because of firearms being discovered pursuant to a search warrant served at his residence in the Western District of North Carolina in March of 2022. (attached Information). Again, the Search Warrant was pursuant to the investigation "of a riot and related offenses that occurred at the United States Capitol Building, located at 1 First Street, NW, Washington, D.C., 20510 on January 6, 2021." (attached Search Warrant). Jeremy Bertino is not in custody.

## IV.

## PRESIDENTIAL PARDON POWER

The United States Constitution grants the President the power to "grant Reprieves and Pardons" See, U.S. Const. Art. II, Section 2. "The Constitution empowers the President to grant Reprieves and Pardons for offenses against the United States, except in cases of impeachment." *Lorrance v. Commandant*, 137 F. 4th 1150, 1154 (10th Cir. 2021) (citing, U.S. Const., art II, §2, cl. 1). "This plenary power allows the President to reprieve or pardon all offenses after their commission either before trial, during trial, or after trial, by individuals, or by classes, conditionally or absolutely, and this without modification or regulation by Congress." *Id*. (citing, *Ex Parte Grossman*, 267 U.S. 87, 120, 45 S. Ct. 332, 69 L. Ed. 2d 527 (1925)).

"A pardon is the act…of officially nullifying punishment or other legal consequences of a crime." *Id*. (citing, Pardon, Black's Law Dictionary 11th ed. 2019). "Thus, a President may legally absolve a person of a crime that he or she committed, regardless of whether that person has been convicted." *Id*. (citing, Pardon Clause, Black's Law Dictionary). "This comports with the modern common meaning of pardon." *Id.* (citing, Pardon, Webster's Third New International Dictionary (1986) ("To absolve from the consequences of a fault or the punishment of crime [or] to remit the penalty of (an offense)."

## B.

## **FACTORS UNRELATED TO THE PRESIDENTIAL PARDON**

## I.

## **PRETRIAL SERVICES RECOMMENDATION**

As is customary in all federal districts, Pretrial Services prepared a report with a recommendation as to release. The Pretrial Services Officer contacted the defendant's father, Eric Ball, who corroborated the personal history information provided by the defendant. The father advised he does not believe the defendant poses a risk of nonappearance or danger to the community. He further advised he would be willing to co-sign a bond and serve as a third-party custodian. The defendant's father stated the defendant can reside at his residence (which the defendant's mother and father own) and he would allow location monitoring, if imposed by the Court. The father reported to Pretrial Services there are no firearms in the residence and allowed Pretrial Services to conduct a criminal record check of him, which revealed no prior criminal history for him. A check with the Florida Department of Highway Safety and Motor Vehicles revealed a valid driver's license for Eric Charles Ball, with the same address and date of birth as reported by the defendant's father.

Moreover, Pretrial Services completed an on-line query with Citrus County, Florida, Property Appraiser and found the defendant's parents, Eric and Barbara Ball,

are the registered owners for the property located at 8605 Pine Bluff Street, Crystal River, Florida.

Ultimately, Pretrial Services recommends that BALL be released on an Unsecured Bond with conditions to include, *inter alia*, location monitoring, mental health evaluation and/or treatment and a substance abuse evaluation and/or treatment.

## CONCLUSION

A thorough review of all relevant factors leads to the conclusion that there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Accordingly, the Defendant, DANIEL BALL, respectfully requests that he be released on conditions.

Respectfully submitted,

GEORGE T. PALLAS, P.A
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com

By:/s/___*George T. Pallas*_____
    GEORGE T. PALLAS, ESQ.

## **CERTIFICATE OF SERVICE**

I certify that on this 7th day of February 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing.

By:/s/___<i>George T. Pallas</i>_____<br>
GEORGE T. PALLAS, ESQ.